UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JERMAINE L. BARBER-ROACH, ) | CASE NO. 1:12 CV 1584 |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| DAVID T. MATIA, Judge, et al., ) | AND ORDER |
| Defendants. ) | |

On June 20, 2012, plaintiff *pro se* Jermaine L. Barber-Roach, a pretrial inmate at the Cuyahoga County Jail, filed this 42 U.S.C. § 1983 action against Cuyahoga County Court of Common Pleas Judge David T. Matia and Attorney Reuben J. Sheperd. The complaint, which seeks monetary relief, alleges in very general terms that defendants have conspired to deprive plaintiff of the effective assistance of counsel and due process of law. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989);

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Defendant Judge Matia is absolutely immune from liability for actions taken within the scope of his official duties. *Pierson v. Ray*, 387 U.S. 547 (1967). There is no reasonable suggestion in the complaint that he acted outside the scope of those duties in this case. Further, a criminal defense attorney who acts in that capacity on behalf of a criminal defendant does not act under color of state law for purposes of a 42 U.S.C. § 1983 action. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976). Thus, attorney Sheperd is not subject to liability for the asserted violation of plaintiff's civil rights.[2]

Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 8/27/12*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[2] As a result of this lawsuit, Judge Matia has recused himself from plaintiff's still pending criminal case, and Attorney Shepard was removed as defense counsel. *State of Ohio v. Barber-Roach*, Cuy. Cty. Com. Pls. No. CR-11-554-504. See http://cpdocket.cp.cuyahogacounty.us/p_CR_Docket.aspx